UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
UNITED STATES OF AMERICA, :
: CASE NO. 1:17-CR-60
Plaintiff, :
:
vs. : OPINION & ORDER
:
MARC A. MONTGOMERY, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 15, 2017, Defendant Marc A. Montgomery was charged with Aiding and Abetting Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count 1), and Aiding and Abetting Brandishing, Carrying, or Using a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).[1]

The charges stemmed from Montgomery's involvement as a getaway driver after an armed bank robbery on November 30, 2016 in Garfield Heights, Ohio. Montgomery's childhood friend, Levert Bates, committed the robbery.

The case was tried before a jury April 10-11, 2017. At the close of the Government's case, Defendant Montgomery moved for judgment of acquittal.[2] The Court granted in part[3] and otherwise reserved its decision until after the jury returned a verdict.[4]

On April 11, 2017, the jury found Defendant Montgomery guilty on Counts 1 and 2.[5] The Court now **DENIES** Defendant's motion for judgment of acquittal.

---

[1] Doc. 1.
[2] Tr. 4:09:51 Monday, April 10, 2017 (time stamped rough draft, transcript).
[3] Tr. 8:55:56-59, Tuesday, April 11, 2017.
[4] Tr. 8:51:11-8:53:02, Tuesday, April 11, 2017.
[5] Doc. 41.

Case No. 1:17-CR-60
Gwin, J.

## I.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 29, a criminal defendant may move for judgment of acquittal at the close of the government's case. The court grants an acquittal if "the evidence is insufficient to sustain a conviction."[6]

In deciding a motion for judgment of acquittal, "[t]he relevant inquiry is whether, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[7] "Substantial and competent circumstantial evidence by itself may support a verdict and need not remove every reasonable hypothesis except that of guilt."[8]

Courts also have a "general hesitancy to disturb a jury verdict."[9]

## II.    DISCUSSION

As to Count 1, Defendant Montgomery argued there was insufficient evidence that he intended Bates would use a dangerous weapon to put lives in danger.[10]

Defendant Montgomery also argued there was insufficient evidence to sustain a conviction on Count 2. He specifically argued there was insufficient evidence that he intended Bates would "brandish" a firearm in connection with the robbery.[11]

---

[6] Fed. R. Crim. Pro. 29.
[7] *United States v. Fisher*, 648 F.3d 442, 450 (6th Cir. 2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).
[8] *Id.* (quoting *United States v. Lee,* 359 F.3d 412, 418 (6th Cir. 2004)).
[9] *Id*. (quoting *Lee*, 359 F.3d at 418-19).
[10] Tr. 4:09:51-4:22:00, Monday, April 10, 2017. As part of the Rule 29 Motion, Defense counsel also requested a lesser-included-offense instruction on bank robbery.
[11] *See id*.

Case No. 1:17-CR-60
Gwin, J.

The Court granted Defendant's motion as to the brandishing instruction[12] but reserved ruling until after the jury returned a verdict on the other arguments.[13]

A defendant is liable for aiding and abetting if he "(1) takes an affirmative act in furtherance of the offense, (2) with the intent of facilitating the offence's commission."[14] Although the Government's case against Defendant Montgomery was fairly weak, sufficient circumstantial evidence supports the jury's verdict.

On the armed robbery charge, the Government presented evidence that Defendant Montgomery was present outside the bank prior to the robbery,[15] drove Levert Bates back to Montgomery's mother's house after the robbery,[16] and was found in the garage holding stolen money when the police arrived shortly after the robbery.[17] From this evidence, the jury could reasonably infer that Defendant Montgomery acted in furtherance of and intended to facilitate the bank robbery.[18]

Sufficient evidence also supports the jury's decision on Count 2.

In *Rosemond v. U.S*, the Supreme Court held that an affirmative act in support of the underlying offense satisfies the affirmative act requirement for aiding and abetting the

---

[12] Tr. 8:55:56-59, Tuesday, April 11, 2017. The Court found that while there was sufficient evidence of Defendant's intent that Levert Bates "carry or use" a firearm during the robbery, there was insufficient evidence that Defendant intended Bates to "brandish" a firearm. *Id.* at 8:51:06-8:55:59. The distinction is important for sentencing purposes. 18 U.S.C. § 924(c)(1)(A)(i-ii).
[13] Tr. 8:51:11-8:53:02, Tuesday, April 11, 2017.
[14] *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014).
[15] Tr. 8:36:50, Tuesday, April 11, 2017 (video recording of Defendant Montgomery's FBI interview) (admitting that he was "in the bank's parking lot" with Levert Bates before the bank opened at 8:58 AM on the day of the robbery)
[16] Tr. 8:43:51-8:44:35, Tuesday, April 11, 2017 ("So when I get in the car and I'm driving . . . I was going to my house . . . .").
[17] Tr. 10:23:34-10:27:39, Monday, April 10, 2017 (Sergeant Todd Cramer testifying that he found Defendant Montgomery "less than a foot" from the stolen money less than 30 minutes after the robbery).
[18] *See, e.g.*, *United States v. Perales*, 534 F. App'x 502, 505 (6th Cir. 2013) In *Perales*, the Sixth Circuit found the district court's denial of a Rule 29 motion proper where the defendant was charged with aiding and abetting a bank robbery. The government provided circumstantial evidence that the defendant drove the getaway car for a robbery eight miles away and forty minutes prior to another robbery where he indisputably drove the getaway car. Ten minutes after the second robbery, the defendant was found with the perpetrator and stolen money.

Case No. 1:17-CR-60
Gwin, J.

accompanying § 924(c) violation.[19] As discussed above, the Government presented sufficient evidence that Defendant Montgomery acted in furtherance of the bank robbery, thereby satisfying the act requirement for Count 2.

To satisfy the intent requirement, there must be evidence that Defendant Montgomery knew that Bates had a gun "at a time [Montgomery could] do something with [the knowledge]—most notably, opt to walk away."[20]

In a recorded interview with law enforcement, Defendant Montgomery admitted he knew before the robbery that Bates would bring a gun into the bank with him.[21] Montgomery also stated that he wanted nothing to do with the robbery. He said that while Bates was robbing the bank, he left and went to a nearby Sunoco gas station.[22]

These two statements show (1) that Defendant Montgomery knew Bates would carry a gun into the bank, and (2) Montgomery could have removed himself from the situation. Accordingly, there was sufficient evidence of the intent requirement. The Court will not disturb the jury's finding on Count 2.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Defendant Montgomery's motion for judgment of acquittal.

IT IS SO ORDERED.

Dated: April 13, 2017              s/ *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE

---

[19] 134 S. Ct. at 1247.
[20] *Id*. at 1249-1250.
[21] Tr. 8:39:59-8:41:36, Tuesday, April 11, 2017 (admitting that at 9:00 am, prior to the robbery, he saw Bates "grab the black bag . . . . And it had that gun in it.").
[22] Tr. 8:43:20-8:43:45, Tuesday, April 11, 2017 (stating that when he saw Bates walking toward the bank, he walked away toward the gas station).

4