```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :     CASE NO. 1:17-CR-60
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :     OPINION & ORDER
                                        :     [Resolving Docs. 44, 45, 47, 50]
MARC A. MONTGOMERY,                     :
                                        :
        Defendant.                      :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 15, 2017, Defendant Marc A. Montgomery was charged with Aiding and Abetting Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count 1), and Aiding and Abetting Brandishing, Carrying, or Using a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).[1]

The case was tried before a jury April 10-11, 2017. At the close of the Government's case, Defendant Montgomery moved for judgment of acquittal.[2] The Court granted in part[3] and otherwise reserved its decision until after the jury returned a verdict.[4]

On April 11, 2017, the jury found Defendant Montgomery guilty on Counts 1 and 2.[5] On April 13, 2017, the Court denied Defendant's motion for judgment of acquittal.[6]

Defendant Montgomery now moves *pro se* for a new trial.[7] For the following reasons, the Court **DENIES** Defendant's motion.

---

[1] Doc. 1.
[2] Tr. 4:09:51 Monday, April 10, 2017 (time stamped rough draft, transcript).
[3] Tr. 8:55:56-59, Tuesday, April 11, 2017.
[4] Tr. 8:51:11-8:53:02, Tuesday, April 11, 2017.
[5] Doc. 41.
[6] Doc. 43.
[7] Doc. 44. The Government opposes. Doc. 50. On April 27, 2017, the Government filed a motion to strike Defendant's motion, arguing that he is not entitled to file pro se motions when he has appointed counsel. Doc. 45; *see also Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014). However, the next day, Defendant

## I.   LEGAL STANDARD

Federal Rule of Criminal Procedure 33 states that the Court may "grant a new trial if the interest of justice so requires."[8] Sixth Circuit precedent accords broad discretion to the trial judge in determining whether to grant such a motion.[9] Precedent commands, however, that "[t]he Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict."[10]

In deciding a Rule 33 motion for acquittal or a new trial, the Court may act in the role as a "thirteenth juror" in assessing the credibility of the witnesses and the weight of the evidence to insure no miscarriage of justice occurs.[11]

## II.   DISCUSSION

The charges against Defendant Montgomery stemmed from his role as a getaway driver after a November 30, 2016, armed bank robbery on in Garfield Heights, Ohio. Montgomery's childhood friend, Levert Bates, committed the robbery.   Bates pled guilty to the bank robbery.

Montgomery argues the Court should grant him a new trial because there was insufficient evidence to support the jury's verdict.[12] Citing the jury instructions, he states that "proof that [he] may have known about the crime, even if he was there when it was committed is not enough for [the jury] to [have found] him guilty."[13]

This Court previously denied Montgomery's motion for a directed verdict.[14]

---

Montgomery's counsel filed a motion adopting the *pro se* motion as its own. Doc. 47. Accordingly, the Court **DENIES** the Government's motion to strike.
[8] Fed. R. Crim. P. 33(a).
[9] *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).
[10] *Id.*
[11] *See, e.g.*, *United States v. Ruiz Solorio*, 337 F.3d 580, 589 (6th Cir. 2003) (citing *Ashworth*. 836 F.2d at 266).
[12] Doc. 44 at 2-5.
[13] *Id*. at 4.
[14] Doc. 43.

Case No. 1:17-CR-60
Gwin, J.

The Court finds sufficient circumstantial evidence that Defendant Montgomery aided and abetted armed bank robbery. The weakest point in the Government's case was whether Defendant Montgomery intended—beyond a reasonable doubt—to aid the robbery.

The Government presented evidence that Defendant Montgomery was present outside the bank prior to the robbery when Bates was surveying the bank[15] and drove Bates back to Montgomery's mother's house after the robbery.[16]

Admittedly, Montgomery presented evidence and argument supporting his position that he had been present in the robbery area but had not intentionally aided the robbery. Montgomery had no mobile phone. He could not have effectively acted as a look-out. Also, Montgomery apparently left the vehicle to shop at a convenience store while Bates went into the bank. Leaving the vehicle during the bank robbery is inconsistent with the Government's argument that Montgomery acted as the get-away driver.

Although Montgomery gave evidence that undercut the Government's case, other evidence supported conviction. Less than thirty minutes after the robbery, when law enforcement arrived on the scene, they found Montgomery "[coming] out of the garage holding a large amount of money."[17]

Finally, Defendant Montgomery knew before the robbery that Bates would bring a gun into the bank. In a recorded interview with law enforcement, Montgomery admitted that at 9:00 AM, before the robbery, he saw Bates "grab the black bag . . . . And it had that gun in it." [18]

---

[15] Tr. 8:36:50, Tuesday, April 11, 2017 (video recording of Defendant Montgomery's FBI interview) (admitting that he was "in the bank's parking lot" with Levert Bates before the bank opened at 8:58 AM on the day of the robbery).
[16] *Id*. at 8:43:51-8:44:35 ("So when I get in the car and I'm driving . . . I was going to my house . . . .").
[17] Tr. 11:18:30-11:19:58, Monday, April 10, 2017; *see also* Tr. 10:23:34-10:27:39, Monday, April 10, 2017 (Sergeant Todd Cramer testifying that he found Defendant Montgomery "less than a foot" from the stolen money less than 30 minutes after the robbery).
[18] Tr. 8:39:59-8:41:36, Tuesday, April 11, 2017 (admitting that at 9:00 am, prior to the robbery, he saw Bates "grab the black bag . . . . And it had that gun in it.").

3

Case No. 1:17-CR-60
Gwin, J.

From this evidence, the jury could reasonably infer that Defendant Montgomery intended to help the bank robbery by driving the get-away vehicle.[19] Therefore, this is not an "extraordinary circumstances where the evidence preponderates heavily against the verdict."

### III.     CONCLUSION

For the reasons above, the Court **DENIES** Montgomery's motion for a new trial.

IT IS SO ORDERED.


Dated: May 17, 2017                                s/        *James S. Gwin*            
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[19] *See, e.g.*, United States v. Perales, 534 F. App'x 502, 505 (6th Cir. 2013) In *Perales*, the Sixth Circuit found the district court's denial of a Rule 29 motion proper where the defendant was charged with aiding and abetting a bank robbery. The government provided circumstantial evidence that the defendant drove the getaway car for a robbery eight miles away and forty minutes prior to another robbery where he indisputably drove the getaway car. Ten minutes after the second robbery, the defendant was found with the perpetrator and stolen money.