UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,           :           CASE NO. 1:17-CR-60
                                    :
        Plaintiff,                  :
                                    :
    vs.                             :           OPINION & ORDER
                                    :           [Resolving Docs. 54, 58, 59]
MARC A. MONTGOMERY,                 :
                                    :
        Defendant.                  :
                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 15, 2017, Defendant Marc A. Montgomery was charged with Aiding and Abetting Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d), and 2 (Count 1), and Aiding and Abetting Brandishing, Carrying, or Using a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).[1]

The case was tried before a jury April 10-11, 2017. At the close of the Government's case, Defendant Montgomery moved for judgment of acquittal.[2] The Court granted in part[3] and otherwise reserved its decision until after the jury returned a verdict.[4]

On April 11, 2017, the jury found Defendant Montgomery guilty on Counts 1 and 2.[5] On April 13, 2017, the Court denied Defendant's motion for judgment of acquittal.[6] On May 17, 2017, the Court denied Defendant Montgomery's *pro se* motion for a new trial.[7]

Now, Defendant Montgomery moves *pro se* for Rule 60(b) relief.[8] He also moves *pro se*

---

[1] Doc. 1.
[2] Tr. 4:09:51 Monday, April 10, 2017 (time stamped rough draft, transcript).
[3] Tr. 8:55:56-59, Tuesday, April 11, 2017.
[4] Tr. 8:51:11-8:53:02, Tuesday, April 11, 2017.
[5] Doc. 41.
[6] Doc. 43.
[7] Doc. 51.
[8] Doc. 54.

1

for a stay of confinement.[9] The Government moves to strike Defendant's motion to stay.[10] Neither of Defendant's motions succeed.

First, "Sixth Circuit caselaw is clear that a criminal defendant does not have a constitutional right to 'hybrid representation.' A defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both."[11] Defendant Montgomery is currently represented by counsel, Attorney Roger Synenberg. He is therefore barred from filing *pro se* motions.

Second, Defendant Montgomery's Rule 60(b) motion is misplaced. Federal Rule of *Civil* Procedure Rule 60(b) names six circumstances in which a court may relieve a party from "a final judgment, order, or proceeding." Defendant Montgomery seeks relief in a *criminal* case.

Third, this Court has already determined that sufficient evidence supported Defendant Montgomery's conviction.[12]

Last, Defendant Montgomery's motion for relief from confinement is premature. Defendant asks the Court to release him pending appeal or, in the alternative, confine him near Cleveland to facilitate communication with appellate counsel. The Court has not yet sentenced Defendant Montgomery[13] and no appeal is pending.[14]

For the reasons above, the Court **DENIES** Montgomery's motions for Rule 60(b) relief and stay of confinement.

IT IS SO ORDERED.

Dated: August 7, 2017               s/         *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[9] Doc. 58.
[10] Doc. 59.
[11] *Miller v. United States*, 561 F. App'x 485, 488 (6th Cir. 2014) (citing *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)) (emphasis in original).
[12] Doc. 43 at 2-4 (order denying Defendant's motion for judgment of acquittal); Doc. 51 at 2-4 (order denying Defendant's motion for new trial).
[13] Defendant Montgomery is scheduled for sentencing on August 28, 2017.
[14] A notice of appeal does not appear on the district court's docket.