```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> MARC A. MONTGOMERY, : <br> : <br> Defendant. : <br> : | CASE NO. 1:17-cr-00060 <br><br> OPINION & ORDER <br> [Resolving Doc. 118] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marc A. Montgomery requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Montgomery's request.[2]

For the reasons stated below, the Court **DENIES** Montgomery's motion for compassionate release.

I. Background

On April 11, 2017, a jury found Defendant Montgomery guilty of bank robbery and aiding and abetting bank robbery (Count 1) and using a firearm in carrying out a bank robbery and aiding and abetting the same (Count 2).[3] On August 28, 2017, this Court sentenced Montgomery to 80 months imprisonment for Count 1 to be served consecutively with 60 months imprisonment for Count 2, as well as 5 years of supervised release.[4]

II. Discussion

---

[1] Doc. 118.
[2] Doc. 124.
[3] Doc. 41.
[4] Doc. 75.

Case No. 1:17-cr-00060
Gwin, J.

Montgomery moved for compassionate release on June 15, 2020. He requests a sentence reduction and says his asthma could increase his risk of serious illness or complications if he contracts COVID-19 at FCI Gilmer.[5]

The Government opposes and argues that Montgomery has not exhausted all administrative remedies.[6] Further, the Government asserts that Montgomery's asthma does not warrant granting compassionate release.[7]

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term after defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]

Defendant satisfies the exhaustion requirement because he sought relief in this Court more than 30 days after he filed his modification request with the Warden.[9] Montgomery requested modification from the FCI Gilmer Warden on April 13 or 16, 2020.[10] The Warden denied Montgomery's request on April 17, 2020.[11] Montgomery moved for compassionate release in this Court at least 60 days later on June 15, 2020.[12]

---

[5] Doc. 118 at 7.
[6] Doc. 124 at 3.
[7] *Id.* at 9.
[8] 18 U.S.C. § 3582(c)(1)(A)(i).
[9] Doc. 118.
[10] Doc. 118-1; Doc. 124-1. Defendant's and the Government's versions of the same email include two different time stamps. Regardless of which timestamp is accurate, Defendant meets the exhaustion requirement. *See also* other requests from Montgomery: Doc. 118-2; Doc. 118-3.
[11] Doc. 124-2.
[12] Doc. 118.

Case No. 1:17-cr-00060
Gwin, J.

The Government argues that Montgomery has not exhausted his administrative remedies because he has not appealed the Warden's denial.[13] That is not what 18 U.S.C. § 3582(c)(1)(A) requires. The law states that a court may act "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."[14]

### B. Eligibility

A court may grant compassionate release if "extraordinary and compelling reasons warrant" a sentence reduction.[15] The court must also consider the sentencing factors listed in 18 U.S.C. § 3553,[16] including "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed " to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant;" and "any pertinent policy statement," among other factors.[17]

The applicable policy statement lists the extraordinary and compelling reasons that could merit a sentence reduction. These include 1) terminal illness or serious medical condition that makes defendant unable to care for himself; 2) age; 3) family circumstances; and 4) "other reasons."[18]

---

[13] Doc. 124 at 6.

[14] 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). The Government cites *U.S. v. Alam*, 960 F.3d 831 (6th Cir. 2020), as an example of an instance where the Sixth Circuit denied compassionate release because Defendant failed to exhaust his administrative remedies. Doc. 124 at 6. In that case, unlike here, however, the Defendant did not wait 30 days to file his compassionate release claim with the court. *Alam*, 960 F.3d at 832, 836.

[15] 18 U.S.C. § 3582(c)(1)(A)(i).

[16] *Id.*

[17] 18 U.S.C. § 3553(a).

[18] U.S.S.G. § 1B1.13 cmt. n.1. The policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D.

Case No. 1:17-cr-00060
Gwin, J.

Defendant's motion for compassionate release falls into the fourth category, as he seeks release due to his risk of exposure to COVID-19 and the fact that he has arguably "severe asthma,"[19] which creates a higher risk of serious infection from COVID-19.[20]

While medical conditions and a correctional institution's COVID-19 infection rate could qualify as extraordinary and compelling reasons that justify the grant of compassionate release, the Court finds that the sentencing factors in 18 U.S.C. § 3553 weigh against Montgomery's release. The Court acknowledges Montgomery's heighted risk factor, the fact that he has completed anti-recidivism programs,[21] and his arguments that FCI Gilmer has not adequately tested inmates and staff for COVID-19.[22]

But, Montgomery has served less than half of his current sentence. Although Montgomery did not enter the bank during the robbery for which he is incarcerated and only served as getaway driver, Montgomery has an extensive criminal history that includes at least

---

Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[19] Doc. 118 at 7.

[20] *People with Moderate to Severe Asthma*, Centers for Disease Control, (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html#:~:text=People%20with%20moderate%20to%20severe,and%20acute%20respiratory%20disease.

[21] Doc. 118-4; Doc. 118-5; Doc. 118-6; Doc. 118-7.

[22] Doc. 125 at 14; Doc. 126 at 3-4; Doc. 127 at 4-5.

Case No. 1:17-cr-00060
Gwin, J.

2 violent crimes and 18 other convictions as an adult.[23] The Court is not convinced that Montgomery would not be a danger to the public or that releasing Montgomery now would provide just punishment and reflect the seriousness of the offense for which he is currently incarcerated.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Montgomery's request for compassionate release.

IT IS SO ORDERED.

Dated: October 5, 2020          *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[23] Doc. 69 at 2-5.