UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-cr-00060 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 137] |
| vs. | |
| MARC A. MONTGOMERY, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marc A. Montgomery requested a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Court denied Montgomery's motion for compassionate release.[2]

Now, Defendant Montgomery asks the Court to reconsider the decision denying compassionate release.[3] The government opposes Montgomery's motion.[4]

For the reasons stated below, the Court **DENIES** Defendant Montgomery's motion for reconsideration.

I. Background

On April 11, 2017, a jury found Defendant Montgomery guilty of bank robbery and aiding and abetting bank robbery (Count 1) and using a firearm in carrying out a bank robbery and aiding and abetting the same (Count 2).[5] On August 28, 2017, this Court sentenced Montgomery to 80 months imprisonment for Count 1 to be served consecutively with 60

---

[1] Doc. 118.
[2] Doc. 129.
[3] Doc. 137; Doc. 139.
[4] Doc. 138.
[5] Doc. 41.

Case No. 1:17-cr-00060
Gwin, J.

months imprisonment for Count 2, as well as 5 years of supervised release.[6]

In June 2020, Defendant Montgomery moved for a reduced sentence under the compassionate release statute.[7] The Court denied the motion in October 2020.[8]

## II. Legal Standard

### a. Compassionate Release

A court may grant compassionate release if "extraordinary and compelling reasons warrant" a sentence reduction.[9] The court must also consider the sentencing factors listed in 18 U.S.C. § 3553,[10] including "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed " to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant;" and "any pertinent policy statement," among other factors.[11]

The applicable policy statement lists the extraordinary and compelling reasons that could merit a sentence reduction. These include 1) terminal illness or serious medical condition that makes defendant unable to care for himself; 2) age; 3) family circumstances; and 4) "other reasons."[12]

---

[6] Doc. 75.
[7] Doc. 118.
[8] Doc. 129.
[9] 18 U.S.C. § 3582(c)(1)(A)(i).
[10] *Id.*
[11] 18 U.S.C. § 3553(a).
[12] U.S.S.G. § 1B1.13 cmt. n.1. The policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

Case No. 1:17-cr-00060
Gwin, J.

### b. Reconsideration

Courts apply a high standard to motions for reconsideration.[13] To show that a Court should grant reconsideration, the moving party must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice."[14]

### III. Discussion

The Court denied Defendant Montgomery's compassionate release motion because of the 18 U.S.C. § 3553 sentencing factors. The Court found that, even if Montgomery's asthma qualified as an extraordinary and compelling reason to reduce his sentence, "the sentencing factors in 18 U.S.C. § 3553 weigh against Montgomery's release."[15]

In making its findings on the § 3553 factors, the Court considered Defendant Montgomery's criminal history, which includes at least two violent crimes and eighteen other convictions.[16] The Court also considered the fact that, at the time of the ruling, Defendant Montgomery had served less than half of his sentence. The Court found that releasing Defendant Montgomery would not serve the interests of providing just punishment and reflecting the seriousness of the offense.[17]

Now, Defendant Montgomery argues that the Court should reconsider its order on his compassionate release motion.[18] Defendant Montgomery points to the fact that he has now served more than half of his sentence. He also provides evidence of the rehabilitative efforts he has completed while incarcerated.

---

[13] *United States v. Ingram*, CR 5:15-78-KKC, 2021 WL 2549310, at *1 (E.D. Ky. June 22, 2021).
[14] *Id.* (quoting *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).
[15] Doc. 129.
[16] *Id.* at 4-5.
[17] *Id.* at 5.
[18] Doc. 137.

-3-

Case No. 1:17-cr-00060
Gwin, J.

Defendant Montgomery does not show changed circumstances justifying reconsideration of the previous order. The § 3553 factors continue to weigh against Defendant Montgomery's release.

The Court commends Defendant Montgomery's rehabilitative efforts. While these efforts weigh in his favor, they do not sufficiently outweigh the § 3553 factors of providing just punishment and reflecting the seriousness of the offense.

Because the § 3553 factors continue to weigh against Defendant Montgomery's release, the Court declines to reconsider its order denying his compassionate release motion.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Montgomery's motion for reconsideration.

IT IS SO ORDERED.

Dated: March 28, 2022  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE