UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-cr-00060-JG-2 |
| Plaintiff, | OPINION & ORDER [Resolving Doc. 142] |
| vs. |  |
| MARC A. MONTGOMERY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Marc A. Montgomery requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]

The Court earlier denied Montgomery's previous motion for compassionate release.[2] The Court also denied Montgomery's motion to reconsider that compassionate release decision.[3]

Now, Defendant Montgomery moves for compassionate release again.[4] The government opposes Montgomery's motion.[5]

For the reasons stated below, the Court **DENIES** Defendant Montgomery's motion for compassionate release.

I. Background

On April 11, 2017, a jury found Defendant Montgomery guilty of bank robbery and aiding and abetting bank robbery (Count 1) and using a firearm in carrying out a bank robbery

---

[1] Doc. 142.
[2] Doc. 129.
[3] Doc. 141.
[4] Doc. 142; Doc. 147.
[5] Doc. 146.

Case No. 1:17-cr-00060
Gwin, J.

and aiding and abetting the same (Count 2).[6] On August 28, 2017, this Court sentenced Montgomery to 80 months imprisonment for Count 1 to be served consecutively with 60 months imprisonment for Count 2, as well as 5 years of supervised release.[7]

In June 2020, Defendant Montgomery moved for a reduced sentence under the compassionate release statute.[8] The Court denied the motion in October 2020.[9]

In July 2021, Defendant Montgomery moved for reconsideration of the Court's decision denying him compassionate release.[10] The Court denied the motion for reconsideration in a March 2022 decision.[11]

Defendant Montgomery filed his second motion for compassionate release in April 2022.[12]

II.     Legal Standard

A court may grant compassionate release if "extraordinary and compelling reasons warrant" a sentence reduction.[13] The court must also consider the sentencing factors listed in 18 U.S.C. § 3553,[14] including "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant;" and "any pertinent policy statement," among other factors.[15]

The applicable policy statement lists the extraordinary and compelling reasons that

---

[6] Doc. 41.
[7] Doc. 75.
[8] Doc. 118.
[9] Doc. 129.
[10] Doc. 137.
[11] Doc. 141.
[12] Doc. 142.
[13] 18 U.S.C. § 3582(c)(1)(A)(i).
[14] *Id.*
[15] 18 U.S.C. § 3553(a).

-2-

Case No. 1:17-cr-00060
Gwin, J.

could merit a sentence reduction. These include 1) terminal illness or serious medical condition that makes defendant unable to care for himself; 2) age; 3) family circumstances; and 4) "other reasons."[16]

### III. Discussion

The Court denied Defendant Montgomery's previous compassionate release motion because of the 18 U.S.C. § 3553 sentencing factors. The Court found that, even if Montgomery's asthma qualified as an extraordinary and compelling reason to reduce his sentence, "the sentencing factors in 18 U.S.C. § 3553 weigh against Montgomery's release."[17]

The Sixth Circuit affirmed this Court's compassionate release denial decision.[18] The Sixth Circuit concluded that this Court properly analyzed the § 3553 factors.[19]

Now, this Court denies Defendant Montgomery's second compassionate release motion because the § 3553 sentencing factors continue to weigh against Defendant Montgomery's release.

In his motion, Defendant Montgomery argues that his medical conditions present extraordinary and compelling reasons justifying a sentence reduction.[20] Defendant

---

[16] U.S.S.G. § 1B1.13 cmt. n.1. The policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[17] Doc. 129 at 4.

[18] *United States v. Montgomery*, 20-4193, 2021 WL 1923093, at *3 (6th Cir. Apr. 6, 2021).

[19] *Id.* at *2.

[20] Doc. 142 at 4-7; Doc. 147 at 10-11.

-3-

Case No. 1:17-cr-00060
Gwin, J.

Montgomery also argues that his evidence of rehabilitation while incarcerated shows that the § 3553 factors weigh in favor of a sentence reduction.[21]

Defendant Montgomery filed his motion one week after the Court's decision denying reconsideration on his previous motion.

Even if Defendant Montgomery's medical conditions provided an extraordinary and compelling reason, the § 3553 factors continue to weigh against Defendant Montgomery's release.

Defendant Montgomery's criminal history includes at least two violent crimes and eighteen other convictions.[22]  Releasing Defendant Montgomery would not serve the interests of providing just punishment and reflecting the seriousness of the offense.[23]

As the Sixth Circuit explained when affirming this Court's decision on Montgomery's previous motion: "As demonstrated by his status as a career offender, Montgomery has a lengthy and serious criminal record, and he participated in a bank robbery in which his accomplice terrorized the tellers with a pistol and stole over $55,000."[24]

The Court commends Defendant Montgomery's rehabilitative efforts.  While these efforts weigh in his favor, they do not sufficiently outweigh the § 3553 factors of providing just punishment and reflecting the seriousness of the offense.

Because the § 3553 factors continue to weigh against Defendant Montgomery's release, the Court denies his compassionate release motion.

IV.    Conclusion

---

[21] Doc. 142 at 4-7; Doc. 147 at 14-15.
[22] *Id.* at 4-5.
[23] *Id.* at 5.
[24] *United States v. Montgomery*, 20-4193, 2021 WL 1923093, at *2 (6th Cir. Apr. 6, 2021).

-4-

Case No. 1:17-cr-00060
Gwin, J.

For the foregoing reasons, the Court **DENIES** Defendant Montgomery's motion for compassionate release.

IT IS SO ORDERED.

Dated: June 15, 2022                                     *s/      James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE