UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:17-cr-00060 |
| : |  |
| Plaintiff, : | ORDER |
| : | [Resolving Docs. 151 & 152] |
| v. : |  |
| : |  |
| MARC A. MONTGOMERY, : |  |
| : |  |
| Defendant. : |  |
| : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Inmate Marc Montgomery moves pro se for relief from his armed-robbery conviction and 140-month prison sentence. Specifically, Montgomery asks for a new trial, relief from judgment, and a hearing to decide whether co-conspirator statements were admissible. Montgomery also asks for a court-appointed attorney.

Because Montgomery's motion collaterally attacks his conviction and sentence, the Court construes the motion as a second-or-successive motion under 28 U.S.C. § 2255(h) and **TRANSFERS** the motion to the Sixth Circuit for certification. And because Montgomery's mental-health issues may impede his ability to represent himself, the Court **GRANTS** Montgomery's motion for an attorney.

Since his 2017 conviction for conspiring to rob a bank with a firearm, Montgomery has attacked his conviction and sentence several times.[1] Montgomery's postconviction efforts included an unsuccessful collateral attack under 28 U.S.C. § 2255.[2]

Now, Montgomery asks for a new trial under Federal Civil Rule 59(e), relief from this

---

[1] Docs. 44 (new trial); 46 (new trial); 54 (reconsider new-trial denial); 76 (direct-appeal notice); 100 (§ 2255 collateral attack); 133 (§ 2255 denial appeal notice).
[2] Doc. 100.

Case No. 1:17-cr-00060
GWIN, J.

Court's judgment under Federal Civil Rule 60(b)(6), and a *James*[3] hearing (in this Circuit, called an *Enright* hearing[4]). Broadly speaking, Montgomery renews arguments that insufficient evidence supported his role in the conspiracy. Montgomery also suggests that the Court miscalculated his sentence and makes some judicial-bias arguments.

Because Montgomery files pro se, the Court liberally construes his motions.[5]

First, the Federal Civil Procedure Rules do not apply to criminal proceedings. So, the relief available to civil litigants under Rules 59 and 60 are unavailable to criminal defendants. Similarly, an *Enright* hearing gives only a pretrial procedure to decide whether the Court will admit certain conspiracy evidence—not a postconviction-relief procedure.

Instead, a criminal defendant like Montgomery, who asks the Court to "vacate ... or correct his sentence"[6] based on errors in the proceedings, seeks relief under § 2255. The Court therefore construes Montgomery's motion as a new § 2255 motion.

Montgomery has filed one § 2255 motion already. This Court therefore cannot consider any second-or-successive motion unless the Sixth Circuit certifies that the new motion contains newly discovered, qualifying evidence or a new constitutional rule.[7] So, the Court transfers this motion to the Sixth Circuit.

The Court will grant Montgomery's motion for an attorney. Montgomery has been diagnosed with a litany of mental-health conditions that may make it difficult for Montgomery to pursue this collateral attack pro se.[8]

---

[3] United States v. James, 590 F.2d 575 (5th Cir. 1979).
[4] United States v. Enright, 579 F.2d 980 (6th Cir. 1978); *see also* United States v. Tomes, 3:16-CR-00113-TBR, 2018 WL 616146, *7 (W.D. Ky. Jan. 29, 2018) ("[A] pretrial hearing 'to determine the admissibility of any alleged co-conspirator statements' ... is known as a *James* hearing or, in the Sixth Circuit, an *Enright* hearing.").
[5] Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)
[6] Doc. 151 at 20 (PageID 1652) (Montgomery's Motion). Montgomery also quotes at length the § 2255 standard. *See id.* (quoting Pough v. United States, 442 F.3d 959 (6th Cir. 2006)).
[7] *See* 28 U.S.C. § 2255(h).
[8] *See* Doc. 68 ¶¶ 69–70 (PageID 434) (Presentence Investigation Report).

Case No. 1:17-cr-00060
GWIN, J.

    For the above reasons, the Court **GRANTS** Montgomery's motion for an attorney and **TRANSFERS** the second-or-successive § 2255 motion to the Sixth Circuit for certification.

    IT IS SO ORDERED.

Dated: July 18, 2023            *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE